## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SILVA JELEBINKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:14-cv-7373 |
| v. | ) | |
| | ) | |
| FREEDMAN ANSELMO LINDBERG, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, FREEDMAN ANSELMO LINDBERG, LLC ("Freedman"), by and through its attorney, Justin M. Penn of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:   Defendant admits that plaintiff's complaint purports to state claims under the FDCPA, but denies that it violated the FDCPA or any other law, denies that the plaintiff has been damages or is entitled to recover anything, and denies the remaining information in this paragraph.**

## JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER: Subject to its affirmative defenses, defendant does not contest jurisdiction.**

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

**ANSWER:      Defendant does not contest venue.**

## PARTIES

4.      Silva is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:      Upon information and belief, defendant admits that plaintiff is a person who resides in the Northern District of Illinois.  Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the remaining information contained in Paragraph 4 because it does not know the nature of the plaintiff's underlying debt.**

5.      At all times relevant to the action, Freedman was a corporation in the state of Illinois with headquarters located at 1771 West Diehl Road, Suite 150, Naperville, Illinois 60566.

**ANSWER:      Defendant admits the information contained in Paragraph 5.**

6.      Freedman is a "debt collector" as defined by the FDCPA, U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:      Defendant admits that it acts as a debt collector as defined by the FDCPA in many instances and for many purposes.  Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a**

**belief as to whether it acted as a debt collector with respect to the plaintiff because it does not know the nature of the plaintiff's underlying debt.**

**FACTS SUPPORTING CAUSE OF ACTION**

7.      Capital One Bank (USA) National Association ("Capital One") has been attempting to collect from Silva an alleged consumer debt in the amount of $4,353.84.

**ANSWER:      Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 7.**

8.      On April 18, 2014, Freedman, on behalf of Capital One, filed a complaint in the Circuit Court of Cook County, Illinois against Silva. The case was captioned *Capital One Bank v. Silva Jelebinkov*, case number 2014 M1 122881 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:      Defendant admits the information contained in Paragraph 8.**

9.      Freedman filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:      Defendant admits the information contained in Paragraph 9.**

10.      The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:      Defendant admits the information contained in Paragraph 10.**

11.      Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:      Defendant admits the information contained in Paragraph 11.**

12.      Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER:** **Defendant admits the information contained in Paragraph 12.**

13.    Silva resides at 7406 West Arcadia Avenue, Morton Grove, Illinois 60053.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 13 because it does not know where plaintiff currently resides.**

14.    Morton Grove, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Second Municipal District. *Id.*

**ANSWER:** **Defendant admits the information contained in Paragraph 14.**

15.    The Skokie Courthouse is the courthouse that serves the Circuit Court of Cook County's Second Municipal District. *Id.*

**ANSWER:** **Defendant denies the information contained in Paragraph 15 accurately characterizes the nature of the judiciary.**

16.    The Richard J. Daley Center Courthouse is 18 miles from Silva's home.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 16 because it does not know where plaintiff currently resides.**

17.    In contrast, the Skokie Courthouse is 3.9 miles from Silva's home.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 17 because it does not know where plaintiff currently resides.**

18.    In order for Silva to travel to the Skokie Courthouse from her home, she would merely have to drive on Golf Road and park in the free parking lot at the Skokie Courthouse.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 18 because it does not know where plaintiff currently resides.**

19.     According to Google Maps, the trip would take about 9 minutes.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 19 because it does not know where plaintiff currently resides.**

20.     In order for Silva to travel to the Richard J. Daley Center Courthouse, she must first take Interstate 90 East/Interstate 94 East to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

**ANSWER:** **Upon information and belief, deny.**

21.     According to Google Maps, this trip will take 32 minutes excluding the time spent in traffic, locating parking, and actually making the trek to the Richard J. Daley Center Courthouse.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 21 because it does not know where plaintiff currently resides.**

22.     The courthouse closest to Silva's home is the Skokie Courthouse.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 22 because it does not know where plaintiff currently resides.**

### COUNT I -- VIOLATION OF THE FEDERAL
### DEBT COLLECTION PRACTICES ACT

23.     Silva repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

**ANSWER:     Defendant restates and incorporates its responses to Paragraphs one through 22 as if fully restated herein.**

24.     The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:     Defendant objects to the information in Paragraph 24 to the extent it calls solely for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the information in Paragraph 24.**

25.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:     Defendant objects to the information in Paragraph 25 to the extent it calls solely for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the information in Paragraph 25 accurately characterizes the law at the time the lawsuit against plaintiff was filed.**

26.     The closest courthouse to Silva is the Skokie Courthouse.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 26 because it does not know where plaintiff currently resides.**

27.     Freedman violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 14.1 miles further from Silva's house than the Skokie Courthouse.

**ANSWER:     Defendant objects to the information in Paragraph 27 to the extent it calls solely for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the information in Paragraph 27.**

28.     Freedman sued Silva at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

**ANSWER:     Defendant denies the information contained in Paragraph 28.**

29.     Freedman's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:     Defendant denies the information contained in Paragraph 29.**

30.     Silva is therefore entitled to an award of statutory damages and legal fees pursuant to 15 U.S.C. §1692.

**ANSWER:     Defendant denies the information contained in Paragraph 30.**

## Affirmative Defenses

### First Affirmative Defense - Standing

For its First Affirmative Defense, defendant asserts that plaintiff lacks standing to bring the instant claims because plaintiff has no injury in fact, and thus he has no standing under Article III of the United States Constitution.

### Second Affirmative Defense – Bona Fide Error

For its Second Affirmative Defense, Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA.  Here, Defendant relied, in good faith, upon the Seventh Circuit's ruling in Newsome v. Friedman, 76 F.3d 813 (7th Cir. 1996) which allowed collection lawsuits, such as the one at issue here, to be filed in the Cook County First Municipal District reasoning that Illinois Circuit Courts constitute judicial districts as defined by the FDCPA, but municipal department districts do not.  Newsome, 76 F.3d at 819-829.  Not only

did Defendant rely on this precedent, counsel for the Plaintiff relied on the same precedent for which they are now seeking damages. Plaintiff's counsel has brought numerous FDCPA claims and has never claimed damages for this alleged violation. Defendant also acted in accordance with the Circuit Court of Cook County's encouragement and structure designed to accommodate a large volume of lawsuits in Municipal I Division. In fact, the County's own website refers to "Collection Court" as being part of the Municipal I Division. See http://www.cookcountycourt.org/ABOUTTHECOURT/MunicipalDepartment/FirstMunicipalDistrictChicago.aspx. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

WHEREFORE, Defendant, FREEDMAN ANSELMO LINDBERG, LLC, respectfully request that judgment be entered in their favor and against Plaintiff, that Defendant be awarded their costs and fees herein, and that this Court enter such further relief as is just, necessary and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Justin M. Penn*
Justin M. Penn

Justin M. Penn
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **November 20, 2014** I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record.

HINSHAW & CULBERTSON LLP

/s/ *Justin M. Penn*
Justin M. Penn